HENRY REVIER v. THE STATE.

No. 10494.    Delivered December 22, 1926.

1.—Robbery—Special Venire—Sheriff's Return—Corrected.

Where, on a trial for robbery, it was shown that the sheriff's return on the special venire drawn to try the case was dated 5th of February, an impossible date, as the writ was issued on the 5th day of March, the court was not in error in permitting the correction of the date of the return. See Art. 597, C. C. P. 1925; Vernon's Ann. C. C. P. 1925, Vol. 2, p. 22, note 3. Following Powers v. State, 23 Tex. Crim. App. 42.

2.—Same—Special Venire—How Served.

Where it is shown that a special venire was served by written notice, and not by personal service, no error is shown, for the reason that it does not appear therefrom that there was a failure of the veniremen to respond. Following Brown v. State, 87 Tex. Crim. Rep. 261.

3.—Same—Continuance—Properly Refused.

Where appellant's case was called for trial on March 8 and he made a motion for a postponement or continuance of his case on account of the absence of counsel, whom he averred was attending court in another county, but who was shown to have advised and represented appellant on the trial, no error is shown.

4.—Same—Evidence—Exhibiting Weapons—No Error Shown.

Where the pistols used in the robbery by appellant and his confederates were brought into the courtroom and laid upon the table, where

they might be seen by the jury, and were afterward identified and introduced in evidence, no error is shown.

### 5.—Same—Evidence—Properly Admitted.

Where, on a trial for robbery, it was shown that one Jack Wages acted with the appellant in the commission of the offense, the fact that Wages had been previously convicted would not render testimony of his having participated in the robbery inadmissible.

### 6.—Same—Evidence—Properly Admitted.

Where it was shown that appellant was arrested two days after the robbery at the house of Jack Lanier, there was no error in permitting the state to show that at the time of his arrest the officers asked him where the guns were, to which he replied that they were in the dresser drawer, whereupon the officers went to the dresser drawer and found the guns, which were identified on the trial. This testimony was properly admitted under the exception which permits a verbal confession when accompanied by facts or circumstances which conduce to establish guilt, such as the finding of the instrument with which he states that the offense was committed. See Art. 727, C. C. P. 1925. Following Moehler v. State, 98 Tex. Crim. Rep. 302, and other cases.

Appeal from the Criminal District Court of Dallas County. Tried below before the Hon. Felix D. Robertson, Judge.

Appeal from a conviction of robbery, penalty ten years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is robbery, punishment fixed at confinement in the penitentiary for a period of ten years.

The injured party was W. H. Langley. By his testimony and that of several other witnesses the fact of the robbery was proved. In the statement of facts there also appears the written confession of the appellant.

Bill of exceptions No. 1 complains that the sheriff's return on the special venire drawn to try the case, as originally filed, bore the date of the 5th of February, which was an impossible date, as the writ was issued on the 5th day of March. The court was not in error in permitting the amendment correcting the date of the return. See Art. 597, C. C. P., 1925; also Powers v. State, 23 Tex. Crim. App. 42; Vernon's Ann. C. C. P., 1925, Vol. 2, p. 22, note 3.

The bill complaining of the manner in which the veniremen were served charges that they were served by written notice and not by personal service, shows no error for the reason that it does not appear therefrom that there was a failure of the veniremen to respond. Brown v. State, 87 Tex. Crim. Rep. 261.

The date of the offense was the 22nd of January. The arrest seems to have been made a few days later, and the trial took place on the 8th of March. Appellant filed a motion to continue in which he averred that he had employed counsel on the 6th of March, being without the requisite funds at an earlier date; that the attorney employed was attending court in another county and for that reason could not be present. It appearing from the record that the attorney named in the application took part in the trial, the bill fails to show any reason for a reversal.

The pistols used by the appellant and his confederate in committing the robbery were introduced in evidence. Prior to their introduction, they were laid upon the table where they might be seen by the jury. The complaint of the fact that they laid on the table is without merit.

There was no error in receiving the testimony to the effect that Jack Wages acted with the appellant in the commission of the offense. The fact that Jack Wages had been previously convicted would be no obstacle in introducing testimony showing that he and the appellant were present and each exhibited pistols and acted together in committing the robbery. The same may be said of three other bills upon the same subject.

The written confession, as well as the predicate for its introduction, seems regular and in compliance with the law permitting the taking of a written confession of one while under arrest. The objection to it upon the ground that the appellant was under arrest at the time it was admitted is not tenable. Appellant was arrested two days after the robbery at the home of Jack Lanier. Upon the arrest, the officer asked the appellant where the guns were, to which he replied that they were in the dresser drawer, whereupon the officer went to the dresser drawer and found the guns which were afterwards identified upon the trial by eyewitnesses to the offense as the pistols used by the appellant and his confederate in the commission of the crime.

The statement of the appellant to the officer after his arrest which resulted in the finding of the weapons mentioned was not inadmissible under the statute upon the subject of confessions. The facts bring it within the exception which permits the introduction of a verbal confession when accompanied by facts or circum-

stances which conduce to establish the guilt of the accused, such as the finding of the instrument with which he states the offense was committed. See Art. 727, C. C. P., 1925; also Moehler v. State, 98 Tex. Crim. Rep. 238, and precedents therein cited; Singleton v. State, 87 Tex. Crim. Rep. 302, and other cases collated in Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, p. 827, note 12.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*